[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. On the return date the parties had been married just over seven years. They have no minor children.
This case was tried to the court on April 15, 1997. The parties were the only witnesses. The court has considered all the factors in Sections 46b-62, -81 and -82 of the General Statutes, along with the testimony and exhibits introduced at trial. Based on the evidence admitted at trial, the court makes the following findings.
Neither party was more responsible than the other for the breakdown of the marriage.
The defendant has a well established earning capacity that is far superior to that of the plaintiff at the present time. His financial affidavit of April 15, 1997 reflects that earning capacity, as indicated by his earnings for 1996. The defendant voluntarily reduced his earnings toward the end of 1996 by requesting a different assignment where his commission rate would be lower. Therefore, the court will base its orders on the defendant's earning capacity, as revealed by the financial affidavit of April 15. That affidavit shows a net weekly income of $760. Based on the length of the marriage and the superior earning capacity of the defendant, the court finds a duty to support the plaintiff on the part of the defendant for a limited period of time.
The plaintiff's financial affidavit of April 8, 1997 shows a weekly shortfall between income and expenses which the defendant has the ability to cover from his earnings. Testimony revealed, however, that the plaintiff has income not shown on her affidavit, and that she has not been paying and does not intend to pay the mortgage on the former family home before it is sold. When her actual weekly income of $350 is compared to her weekly expenses (without the mortgage cost) of $305 (including an CT Page 4744 allowance of $107 for health insurance for her and her children from a prior marriage), the shortfall disappears. Therefore, until she begins to incur expenses for shelter, there is no immediate need for spousal support from the defendant.
(In view of the parties' agreement to pay the liabilities on their respective affidavits, it is inappropriate to impose an alimony obligation on the defendant solely for the purpose of meeting the plaintiff's weekly payments on her liabilities)
The parties have agreed to sell the former family home and equally share any profit or deficiency. The defendant has also agreed to divide his 401K plan equally with the plaintiff, a division which is fair and equitable given the fact that all contributions were made during the marriage. They have also agreed on the distribution of personal property, all or most of which has already been divided.
The plaintiff requests and the defendant objects to a contribution to her counsel fees. Considering the respective financial abilities of the parties, the defendant is better able than the plaintiff from his current earnings to pay the portion requested in installments
Based on these findings, the court enters the following orders.
1. The marriage of the parties is hereby dissolved on the grounds of irretrievable breakdown.
2. The premises at 38 Bagley Terrace, Waterbury, shall be immediately placed on the market for sale at a price agreed to by the parties and with a licensed real estate broker agreed to by the parties. The court retains jurisdiction to resolve any disagreements between the parties. Upon its sale, the net proceeds, if any, after deduction of the customary costs of sale, shall be shared equally by the parties. Likewise, the parties shall share equally in the liability for any deficiency.
3. The balance in the defendant's 401K plan as of March 31, 1997 shall be divided equally between the parties, and the plaintiff's share shall be transfered to her by way of a qualified domestic relations order or some other vehicle designed to eliminate or minimize taxes. Counsel for the plaintiff shall draft the instrument of transfer, and the defendant shall CT Page 4745 cooperate fully
4. Except as otherwise ordered herein, the parties shall retain the assets shown on their respective financial affidavits without any claim by the other party. Likewise, each party shall be solely responsible for payment of the liabilities shown on his or her financial affidavit and shall indemnify and hold the other party harmless on those liabilities.
5. The defendant shall pay the sum of $1500 in counsel fees directly to the plaintiff's counsel at the rate of $250 weekly until that amount is paid in full. The first payment shall be made by April 25, 1997.
6. The defendant shall pay to the plaintiff as alimony the sum of $1.00 per year for a period of five years from the date of dissolution. The plaintiff's incurring of costs for shelter shall constitute a substantial change of circumstances, permitting consideration of a motion to modify this award of alimony
7. The parties shall be responsible for providing health insurance for themselves and any dependents after the date of dissolution. The defendant shall cooperate with the plaintiff in making available to her coverage available through his employer for the maximum COBRA period
BY THE COURT SHORTALL